Filed 7/25/25  P. v. Lopez-Galvez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B337812 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA516845) |
| v. | |
| FRANCISCO LOPEZ-GALVEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court. Enrique Monguia, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

————————————

Francisco Lopez-Galvez pleaded no contest to willful infliction of corporal injury in September 2023. The court suspended imposition of sentence and placed Lopez-Galvez on three years' probation, which included the condition that he obey the protective order requiring him to stay 100 yards away from the victim. Three months later, Lopez-Galvez violated this condition of his probation. The trial court revoked his probation and sentenced him to three years in prison.

Lopez-Galvez now appeals. No arguable issues have been identified following review of the record by appointed appellate counsel or our own independent review. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the probation report,[1] police officers responded to a domestic violence incident on July 29, 2023. The victim, Joanna R.[2], indicated she had been assaulted by her ex-boyfriend, Lopez-Galvez. According to Joanna, she and Lopez-Galvez were sitting in her car when they began arguing over relationship issues. Lopez-Galvez strangled Joanna until she passed out, and when she regained consciousness he struck her five times in the face with the pistol grip of a handgun. He then pointed the gun at her temple and told her he was going to kill her. Lopez-Galvez

---

[1]    We draw the background facts from the probation report because there was neither a preliminary hearing nor a trial on the initial offenses.

[2]    We refer to the victim by her first name and last initial only. (See Cal. Rules of Court, rule 8.90(b)(4) [permitting us to refer to "[v]ictims in criminal proceedings" by first name and last initial to protect their privacy interests].)

then dragged Joanna out of the car and drove away in her vehicle.

An amended felony complaint charged Lopez-Galvez with carjacking (Pen. Code,[3] § 215, subd. (a)); assault with a firearm (§ 245, subd. (a)(2)); willful infliction of corporal injury upon a girlfriend (§ 273.5, subd. (a)); and making criminal threats (§ 422, subd. (a)). Lopez-Galvez was also charged with using a deadly weapon and firearm in committing these offenses. (§§ 12022, subd. (b)(1), 12022.5, subd. (a).)

Facing a maximum possible sentence of 25 years eight months, on September 18, 2023 Lopez-Galvez pleaded no contest to violating section 273.5, subdivision (a), after being advised of his constitutional rights and the consequences of his plea. The court sentenced Lopez-Galvez to three years of formal probation on the condition he serve 180 days in county jail. Among the terms of probation were that Lopez-Galvez not engage in violence and that he obey a criminal protective order that prohibited him from contacting Joanna in any way. The prosecutor advised Lopez-Galvez, "If you violate any term or condition of probation, you could be sent to state prison for up to the maximum term of the charge that you're pleading to."

Despite the protective order, twice in December 2023 Lopez-Galvez visited Joanna, who was pregnant with his child. Police arrested Lopez-Galvez for violating the protective order on both occasions.

On April 29, 2024 the trial court conducted a formal probation violation hearing at which Joanna and Officer Erich von Roishmandt of the City of Gardena Police Department

---

[3]     All statutory references are to the Penal Code.

testified. While Joanna admitted having contact with Lopez-Galvez on two occasions in December 2023 and admitted she called the police on December 9, she denied that the two had argued or that she suffered any injuries. However, Officer von Roishmandt testified that on December 9, he witnessed Lopez-Galvez confronting Joanna outside a hotel and observed bruising on Joanna's arms and hands. According to Officer von Roishmandt, Joanna told him that Lopez-Galvez had chased, grabbed, and assaulted her after Lopez-Galvez returned to their hotel room intoxicated and she rejected his advances. The defense did not call any witnesses.

In his closing arguments, Lopez-Galvez did not argue there was insufficient evidence to find him in violation of the terms of his probation. Rather, he requested the court permit him to remain on probation and complete a domestic violence program, and he requested the court amend the protective order to allow peaceful contact between him and Joanna in light of the fact that she was carrying his child.

The court found Lopez-Galvez in violation of the terms and conditions of his probation and terminated his probation. The court sentenced him to the middle term of three years in state prison (§ 273.5, subd. (a)), with 187 days of custody credit and 187 days of conduct credit, for a total of 374 days of credit. The court also issued a 10-year protective order, declining to modify it to allow peaceful contact with Joanna.

Lopez-Galvez timely appealed.

## DISCUSSION

We appointed counsel to represent Lopez-Galvez in this appeal. After reviewing the record, counsel filed a brief raising

4

no issues.  Appointed counsel advised Lopez-Galvez on April 10, 2025 that he could personally submit any contentions or issues he wanted the court to consider.  Appointed counsel also sent Lopez-Galvez the transcripts of the record on appeal and a copy of the appellate brief.  On April 10, 2025 this court also sent Lopez-Galvez notice that "[w]ithin 30 days of this notice, appellant may submit a supplemental brief stating any grounds for an appeal, or contention, or arguments which appellant wishes this court to consider."  We have received no response from Lopez-Galvez.

We have examined the record and are satisfied appellate counsel for Lopez-Galvez has complied with counsel's responsibilities and there are no arguable issues.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


STONE, J.

We concur:


SEGAL, Acting P. J.


FEUER, J.


5